IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GILBERTO SORIANO-GARCIA,**

                    Petitioner,

      v.                              CASE NO. 11-3042-SAC

**DAVID McKUNE, et al.,**

                    Respondents.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 filed by a prisoner in state custody. Petitioner proceeds pro se and in forma pauperis.

*Procedural and Factual Background*

Petitioner was convicted of one count of Aggravated Kidnapping in violation of K.S.A. 21-3421, three counts of Criminal Threat in violation of K.S.A. 21-3419(a)(1), one count of Criminal Restraint in violation of K.S.A. 21-3424(a), and one count of Domestic Battery in violation of K.S.A. 21-3413a (a)(1)(b)(2) following a jury trial in the District Court of Finney County, Kansas.

The convictions arose from a sequence of events between petitioner and the victim, Sylvia R. At the time of the first of these events, petitioner and Sylvia were living together. The events are summarized by date:

February 28, 2005: Petitioner and Sylvia went dancing at a bar,

where Sylvia began to talk to a male co-worker. Petitioner got into an argument with Sylvia, yelled at her, then followed her outside, where he grabbed her around the neck, slapped her, and put her into his car. He then drove the car to their home, calling her names and pulling her hair.

When they arrived at the residence, Sylvia told petitioner she wanted to leave. Petitioner responded by locking her inside their trailer and taking the key. Sylvia tried to reach for the telephone, but petitioner threw it against the wall and destroyed it. Sylvia tried to leave several more times, and petitioner struck her in the face and pulled her hair. Petitioner told her she was never going to leave and threatened to kill her.

Eventually, petitioner left and Sylvia went to the home of a neighbor to call a friend to pick her up. On the following day, a police officer took a report and photographed Sylvia's facial and neck injuries.

April 4, 2005: Sylvia went dancing at a bar with a female friend. Petitioner approached Sylvia, pulled her by the arm from the dance floor and stole her cell phone. Sylvia and her friend called 911 from the bar restroom. After they left the restroom, petitioner grabbed Sylvia and pulled her into the parking lot, where he struck her a number of times. The responding officer testified that she saw a cut on Sylvia's lip and marks on her neck and arms.

April 7, 2005: Petitioner came to Sylvia's new home and pounded on the door. She asked him to leave, but he continued to pound on the door, and then on her bedroom window. He said he was going to

break into her house if she did not let him in and that he would kill her. Sylvia called 911. Petitioner left when the police arrived.

Petitioner was sentenced to a term of 284 months.

On appeal, the Kansas Court of Appeals (KCOA) remanded the matter to the state district court to determine whether petitioner had received ineffective assistance of counsel. The district court found that petitioner had received ineffective assistance during the sentencing phase of the criminal proceedings. After a hearing, petitioner was resentenced to a term of 195 months.

The KCOA later affirmed petitioner's convictions. *State v. Soriano-Garcia*, 174 P.3d 458, 2008 WL 142104 (Kan.App. 2008)(unpublished order). The Kansas Supreme Court (KSC) denied review.

Petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507. The state district court summarily denied all claims presented in that action. Petitioner then filed an unsuccessful motion to alter or amend judgment.

Petitioner next filed an appeal, and the KCOA affirmed the summary denial entered by the state district court. *Soriano-Garcia v. State*, 243 P.3d 716, 2010 WL 5185796 (Kan.App. 2010)(unpublished order). The Kansas Supreme Court denied review.

In this action, petitioner seeks relief on the following grounds: (1) there was insufficient evidence to convict him of Aggravated Kidnapping, Criminal Threat, Criminal Restraint, and Domestic Battery; (2) prosecutorial misconduct; and (3) ineffective

3

assistance of trial and appellate counsel.

## Discussion

*Motion to appoint counsel*

Petitioner moves for the appointment of counsel, citing his limited financial resources and the unavailability of the inmate who assisted him in preparing the petition.

There is no constitutional right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. § 3006A(a)(2)(B)(the court may appoint counsel in action under § 2254 where "the interests of justice so require").

The court has studied the record and finds that the factual and legal issues are not unusually complicated. Accordingly, the court concludes the appointment of counsel is not warranted in this matter.

*Standard of review*

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson,* 562 U.S., ___, ___, 131 S.Ct. 1305, 1307 (2011)(per curiam)(quoting *Renico v. Lett,* 559 U.S. ___, ___, 130 S.Ct. 1855,

4

1862 (2010))(internal quotation marks omitted).

Under the AEDPA, where a state court has adjudicated a claim, a petitioner may obtain federal habeas corpus relief only if the state court decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 402 (2000). If a state court applies the correct federal standard to deny relief, a federal court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone,* 535 U.S. 685, 699 (2002); *Hooper v. Mullin,* 314 F.3d 1162, 1169 (10th Cir.2002). Where Supreme Court decisions "give no clear answer to the question presented, ...., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law,' and habeas "relief is unauthorized" under § 2254(d)(1)). *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)(internal citation omitted).

Finally, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Procedural default*

Respondent argues that petitioner's claims of insufficiency of the evidence, prosecutorial misconduct, and ineffective assistance of appellate counsel are barred by procedural default.

Federal habeas corpus relief ordinarily is not available to a state prisoner unless all state court remedies have been exhausted before the federal petition is filed. 28 U.S.C. § 2254(b); *Harris v. Champion,* 15 F.3d 1538, 1554 (10th Cir.1994). "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

A claim is procedurally defaulted when a petitioner fails to present the claim in a proper and timely manner in the state courts and the claim is rejected on an independent and adequate state law ground. *Coleman*, 501 U.S. at 750. "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision.... For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998)(internal quotations and citations omitted).

Where such a procedural default occurs, the federal court will not consider the claim unless the petitioner shows either cause and prejudice or a fundamental miscarriage of justice. *Johnson v. Champion,* 288 F.3d 1215, 1223 (10th Cir.2002)(quoting *Maes v. Thomas,* 46 F.3d 979, 985 (10th Cir.1995)).

Generally, in order to establish "cause" for a procedural default, a petitioner must show that some external factor impeded his efforts to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Next, to show "prejudice", a petitioner

6

must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). A petitioner cannot establish prejudice if there is strong evidence of petitioner's guilt. *Id.* at 172.

Finally, a petitioner's procedural default may be excused on the basis of the fundamental miscarriage of justice exception if the petitioner presents both a constitutional claim and a colorable showing of factual innocence. *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986). The exception is "extremely narrow" and requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Phillips v. Ferguson,* 182 F.3d 769, 774 (10th Cir.1999)(internal quotation marks and citation omitted).

*Insufficient evidence*

Petitioner first presented the claim of insufficient evidence in his post-conviction action filed pursuant to K.S.A. 60-1507. The KCOA upheld the summary dismissal of the claim, finding petitioner failed to present the claim on appeal and stating that where an appeal is taken, "[i]ssues that could have been raised are deemed waived." *Soriano-Garcia v. State*, 243 P.3d 716, 2010 WL 5185796, *3 (Kan.App.)(unpublished order)(citing *Drach v. Bruce*, 136 P.3d 390 (2006), *cert. denied*, 549 U.S. 1278 (2007)).

*Prosecutorial misconduct*

Likewise, in considering the claim of prosecutorial misconduct, the KCOA found that while petitioner raised a claim of such

7

misconduct in his direct appeal, it was not the same allegation of prosecutorial misconduct he presented in his action under K.S.A. 60-1507. The KCOA relied on *Drach* for the proposition that when an appeal is taken, the judgment is res judicata to all issues actually raised, and claims of trial error that could have been raised but were not, are waived. *Soriano-Garcia, id.*

*Ineffective assistance of appellate counsel*

The KCOA determined that petitioner waived the claim that he received ineffective assistance of appellate counsel because he did not address the claim in his appellate brief. *Soriano-Garcia, id.*, (citing *Kingsley v. Kansas Dept. of Revenue*, 204 P.3d 562 (Kan. 2009)).

The court agrees these claims are barred by procedural default, and finds no basis to excuse the default on the basis of either cause and prejudice or a miscarriage of justice. The court therefore does not consider the defaulted claims.

*Ineffective assistance of trial counsel*

Petitioner's claim of ineffective assistance of counsel was limited by the KCOA to a single issue, namely, that trial counsel erred in failing to present a voluntary intoxication defense. The KCOA found that petitioner had raised that claim in his appellate brief but that other challenges to trial counsel's performance were raised only "incidentally" and thus were not preserved for review. *Soriano-Garcia*, 2010 WL 5185796, *4 (citing *Cooke v. Gillespie*, 176 P.3d 144 (Kan. 2008)).

The KCOA cited the correct standard for evaluating the claim of

8

ineffective assistance of counsel, namely, that counsel's performance was constitutionally defective and that the performance prejudiced the petitioner's defense. *Id*. at *3. This is the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).

The KCOA rejected the claim on its merits, stating:

> ...there was little or no evidence that Soriano-Garcia was intoxicated during the times he committed the crimes. At only one point during the trial was his alcohol consumption raised. On cross-examination, in response to the State's question of how much alcohol Soriano-Garcia consumed on one of the nights of the crimes, Soriano-Garcia replied, "[n]ot too much." No other indication of alcohol consumption was presented at the trial. Thus, Soriano-Garcia himself admitted that he had not consumed much alcohol before the crimes were committed.
>
> Therefore, Soriano-Garcia has failed to show that his trial counsel's assistance was ineffective so as to deprive Soriano-Garcia the right to a fair trial. *Soriano-Garcia*, 2010 WL51855796, *5.

Under the standard for habeas corpus review, this court must uphold the state court's decision unless it was an objectively unreasonable application of the *Strickland* standard. The court finds no basis to overturn the well-reasoned decision of the KCOA on the only claim of ineffective assistance that is before this court. The strategic decisions of defense counsel are presumed to be correct unless they are "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1296, 1296 (10th Cir.2000)(internal quotations omitted). Here, the KCOA reasonably applied the correct standard in evaluating the performance of trial counsel.

## Conclusion

Petitioner's claims alleging insufficiency of the evidence, prosecutorial misconduct, and ineffective assistance of appellate counsel and, with one exception, of trial counsel are barred by procedural default. The state courts applied the proper legal standards and reasonably applied those standards in rejecting petitioner's remaining claim that he was denied the effective assistance of trial counsel by the failure to assert a defense based upon voluntary intoxication. The petitioner is not entitled to habeas corpus relief from his convictions.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 11) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 8th day of February, 2012, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge